# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08mc159

| | |
|---|---|
| MARCUS C. SEAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| THE UNITED STATES; BANK OF ) | |
| AMERICA, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(b) and on petitioner's Motion to Quash Summons (#1) and the government's Motion to Dismiss (#3), to which petitioner has filed a response. Through his petition, plaintiff seeks to quash an administrative summons served by the Internal Revenue Service on Bank of America, N.A., in Utica, New York. Such summons required the financial institution to provide certain account information of the petitioner from 2006 to the present. The IRS is conducting an investigation of petitioner's present assets in aid of collecting income tax liabilities stemming from tax years 1999, 2000, and 2002. See Declaration of Revenue Officer Marie Maple, at ¶ 2.

Inasmuch as the IRS is conducting an investigation relating to the collection of tax liabilities, direct notice of the administrative summons was not provided to petitioner in accordance with 26, United States Code, Section 7609(c)(2)(D). Instead, it appears that petitioner's financial institution provided him with notice of the

September 11, 2008, administrative summons. Petitioner filed this action seeking to quash such subpoena on September 30, 2008. Having considered all of the pleadings of record the court makes the following findings, conclusions, and recommendation.

**FINDINGS AND CONCLUSIONS**

**I.     Jurisdiction**

On or about February 19, 2009, the district court referred this matter to the undersigned United States Magistrate Judge for disposition in accordance with 28, United States Code, Section 636(b). Inasmuch as resolution of such petition will result in a final order, 26 U.S.C. § 7609(h)(1), the undersigned is required to enter a memorandum and recommendation. 28 U.S.C. § 636(b)(1)(B).

In considering the court's jurisdiction generally, the court has first reviewed Section 7609(h)(1), which provides:

> The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g).

26 U.S.C. § 7609(h)(1). In this case, the administrative summons was issued to Bank of America, N.A., in Utica, New York, located in a district other than the Western District of North Carolina. The court does, however, take notice that Bank of America, N.A., maintains headquarters and branch offices in this district. While the summons was served in Utica, it does appear that Bank of America, N.A., both resides and is found in this district. Therefore, the court has jurisdiction over this particular summons.

Next, the government argues that this court lacks jurisdiction over the petition

due to petitioner's failure to serve the government with a court summons. The government argues that the service requirements of Rule 4, Federal Rules of Civil Procedure, apply to this petition and that no distinction can be made between a "petition" and "civil action" inasmuch as there is but one form of civil action in federal court. In response, petitioner argues that he attempted to secure summonses when he filed this action with the Clerk of court, but that the Clerk of court instructed him to mark through the "summons" and write in "certificate of service," insisting that a summons could not issue on a miscellaneous civil action seeking to quash a subpoena. . <u>See</u> Petitioner's Response, at ¶ 2. The United States contends the petition should be dismissed for lack of service of a summons along with the petition

Review of the petition as it appears in ECF lends some credence to petitioner's unverified argument. It is apparent from the face of the process used that petitioner attempted to cause a summons to be issued when he filed his petition. While there is a great deal of case law that could be read as supporting the government's argument that Rule 4's requirement of service of a summons must be met in a Section 7609 proceeding, <u>see</u> <u>Tuka v. United States</u>, 2008 WL 4372363 (W.D.Pa. 2008), those cases pivoted on the invocation of Rule 4 in the actual notice received by the petitioner through the IRS's use of Form 2039, Part D, which informs a petitioner that he or she must comply with Rule 4. As the declaration of R.O. Maple makes clear, that form was not used in this matter through invocation of the exemption provision of Section 7609(c)(2)(D). Unlike the cases relied on by the government, petitioner simply did not have notice that Rule 4 must be complied with and nothing in the

statute would have given petitioner any notice. Indeed, the statute would lead a reasonable person to do precisely what petitioner did in this case, serve the respondents with a copy of the petition via certified mail. 26, United States Code, Section 7609(b)(2)(B), provides specifically for the manner of service of a petition:

> If any person begins a proceeding under subparagraph (A) with respect to any [administrative] summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned [the bank] and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

26 U.S.C. § 7609(b)(2)(B). There simply is no requirement in that provision and no way for petitioner to know (absent service of Form 2039, Part D) that he would have to serve respondents with a court-issued summons along with the petition. Finally, petitioner's argument that a court official declined to issue the summonses finds some support in the fact that the court collected only a $39.00 filing fee for a miscellaneous matter rather than the $350.00 fee required for the commencement of a civil action. In these circumstances, the undersigned must find that it has jurisdiction inasmuch as the *statute's* notice requirements, which are all that were provided to petitioner, are jurisdictional prerequisites and must be strictly enforced by this court, <u>Clay v. United States</u>, 199 F.3d 876, 879 (6th Cir.1999), and absent service of Form 2039, Part D, petitioner would have no way of knowing that a summons was required. Based on the foregoing, the court cannot find that the language of the statute has been violated and recommends that the government's motion to dismiss for lack of jurisdiction be denied.

## II. Substantive Review

### A. Applicable Standard of Review

In determining whether an administrative summons should be quashed, the Court of Appeals for the Fourth Circuit has set forth the applicable standard of review:

> When an interested party challenges enforcement of an IRS summons, under United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the initial burden rests with the government to establish a *prima facie* showing of good faith in issuing the summons, requiring proof that the IRS has satisfied the following four elements: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed. Conner v. United States, 434 F.3d 676, 680 (4th Cir.2006) (*citing* United States v. Stuart, 489 U.S. 353, 359-60, 109 S.Ct. 1183, 103 L.Ed.2d 388 (1989); Powell, 379 U.S. at 57-58, 85 S.Ct. 248; Alphin v. United States, 809 F.2d 236, 238 (4th Cir.1987)). "The burden on the government to produce a *prima facie* showing of good faith in issuing the summons is 'slight or minimal.'" Id. (*quoting* Mazurek v. United States, 271 F.3d 226, 230 (5th Cir.2001)). "The government may establish its *prima facie* case by an affidavit of an agent involved in the investigation averring the Powell good faith elements." Alphin, 809 F.2d at 238.

Bell v. United States, 521 F.Supp.2d 456, 459 (D.Md. 2007)(footnote omitted). Such showing by the government is minimal and there is no burden that the government show probable cause for issuing the summons. Id., at f.n.2. In this case, the government has submitted the declaration of Marie Maple, an IRS Revenue Officer involved in the investigation, to establish its *prima facie* case. Each element will be reviewed *seriatim*.

### B. Establishing a *Prima Facie* Case

#### 1. Legitimate Purpose

-5-

The declaration of R.O. Maple reveals that the investigation is being conducted for a legitimate purpose. The declaration of R.O. Maple establishes that the purpose of the summons is the "investigation into the collection of the tax liability of Marcus C. Seay for calendar years ending December 31, 1999, 2000, and 2002." Maple Decl., at ¶ 2. It is proper to issue a summons for the purpose of locating sources of collection to satisfy an unpaid tax liability. 26 U.S.C. § 7602(a). Thus, the first element is satisfied.

### 2. Relevance

The declaration of R.O. Maple reveals that the inquiry is relevant to a legitimate purpose. R.O. Maple has declared that the "summonsed records may establish the amount of assets held or income recovered by Seay after January 1, 2006, as well as how such income was used." Maple Decl., at ¶ 9. While 2006 and later bank records might not satisfy a relevance standard applicable to trial admissibility as to tax years 2002 and earlier, the relevance requirement under Powell is not so constrained and the government need only show that he records "may" be relevant. 26 U.S.C. § 7602(a)(1). The scope of what "may" be relevant to collection of tax liabilities for tax years 199, 2000, and 2002 is broad enough to encompass bank records concerning 2006 and later dates. Specifically, in collecting tax liabilities, it is most relevant to the collection process to know what deposits were made to a taxpayer's accounts and what disbursements were made and to whom, during a time period proximate to the time of collection. Certainly, records dating back to 2006 are reasonable to a 2008-2009 collection investigation. Thus, the second element is

satisfied.

### 3. Possession

Petitioner claims that all the records sought are already in the possession of the IRS; however, he cites no evidence that supports such personal knowledge. The declaration of R.O. Maple provides the court with a sworn statement that the records requested in the summons are not within the possession of the IRS. Maple Decl., at ¶¶ 6-7. The third element is satisfied.

### 4. Administrative Steps

The declaration of R.O. Maple provides that "[a]ll administrative steps required by Title 26 of the United States Code for the issuance of a summons have been followed." Maple Decl., at ¶ 8. The fourth element is established and the government has made a *prima facie* case.

### C. Abuse of Process

Once the government establishes a *prima facie* case, the burden shifts to petitioner to establish that enforcement of the summons would amount to an abuse of court process. Alphin v. United States, 809 F.2d 236, 238 (4th Cir.1987). Petitioner argues that the summons should be quashed because the government is in possession of the records, because the summons was not properly attested, and because a justice department referral is in effect.

The only evidence before the court, however, is the declaration of R.O. Maple. The declaration of R.O. Maple is antithetical to each of the claims of abuse and there is no competent evidence to the contrary. Petitioner's statements, at best, amount to

speculation. First, the issue of the material already being in the government's possession has been previously addressed herein. Second, R.O. Maple has clearly averred that the summons sent to Bank of America, N.A., complied with the attestation requirements of Section 7603. Maple Decl., at ¶¶ 3-4, Ex. B. Even if the court were to assume that petitioner is arguing that his copy was not attested, this argument has been explicitly rejected by this court. <u>David v. United States</u>, No. 3:99-mc-4-V (W.D.N.C. Aug. 9, 2000)(available through ECF). Third, Section 7602(b) provides that the IRS may issue summonses for "the purpose of inquiring into any offense connected with the administrative or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b). Congress also expressly prohibited the issuance of a summons once a referral is made to the Justice Department for criminal prosecution. 26 U.S.C. § 7602(d). In this case, R.O. Maple has declared that there

> is no 'Justice Department referral,' as that term is described in 26 U.S.C. § 7602(d), in effect with respect to the taxpayer for the years under investigation.

Maple Decl., ¶ 10. Such statement satisfies the requirements of the statute.

**D. Conclusion**

Having carefully considered the petition and petitioner's moving papers, as well as the government's Motion to Dismiss and petitioner response, the undersigned respectfully concludes that this court has jurisdiction over this petition, that the government has satisfied its burden of coming forward with a prima facie case, and that petitioner has failed to show that enforcement of the summons would be an abuse of court process. The undersigned will respectfully recommend that the government's

Motion to Dismiss be allowed and that the administrative summons be enforced.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1) the government's Motion to Dismiss be **GRANTED**;

(2) plaintiff's Motion to Quash Third Party IRS Summons be **DENIED** with prejudice; and

(3) that the administrative summons dated September 11, 2008, be **ENFORCED** and that Bank of America, N.A., be compelled to comply with the terms of such administrative summons within 30 days of the district court's final Order in this matter.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: March 3, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge