# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## NO. 3:08-mc-159-RJC-DLH

| | | |
|---|---|---|
| MARCUS C. SEAY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THE UNITED STATES and BANK OF | ) | |
| AMERICA, | ) | |
| Respondents. | ) | |
| | ) | |

**THIS MATTER** is before the Court pursuant to petitioner's motion to quash summons (Doc. No. 1) and the government's motion to dismiss (Doc. No. 3) to which petitioner filed a response (Doc. No. 4). The magistrate judge issued a memorandum and recommendation ("M&R"), recommending that the government's motion to dismiss be granted, the petitioner's motion to quash be denied with prejudice, and the administrative summons be enforced. (Doc. No. 6). Petitioner filed objections (Doc. No. 7), the government filed a reply (Doc. No. 8), and the petitioner filed a surreply (Doc. No. 9), which are now ripe for review. For the following reasons, the Court denies petitioner's motion to quash summons and grants the government's motion to dismiss.

## I.     BACKGROUND

The Internal Revenue Service ("IRS") is conducting an investigation into the collection of federal income tax liabilities of Petitioner Marcus Seay for the years 1999, 2000 and 2002. In connection with the investigation, the IRS issued a summons to Bank of America, seeking the production of records, including statements, deposits, and checks over $500 for certain accounts of petitioner. Bank of America provided notice of the summons to petitioner. In response, Petitioner

Seay filed a petition to quash the summons against the government and Bank of America. Upon receiving a copy of the petition to quash, Bank of America did not provide the requested information to the IRS. The government moves to dismiss, or alternatively, summarily deny the petition to quash. The government also requests that the Court enforce the third-party summons issued to Bank of America. The motions are now ripe for review.

## II.     STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.    DISCUSSION

Petitioner objects to the government's potential use of the civil summons in a criminal case. Petitioner states that he "has no objection to a court order allowing access to his bank records if the court order limits their use to a civil investigation." (Doc. No. 7 at 2). To support his objection, petitioner relies on United States v. LaSalle National Bank, 437 U.S. 298 (1978). In LaSalle, the Supreme Court held that § 7602 of the Internal Revenue Code did not authorize the issuance of a summons for the purpose of obtaining additional evidence to aid criminal prosecution. Id. at 313-17.

Section 7602(b) provides that the IRS may issue summonses for "the purpose of inquiring into any offense connected with the administrative or enforcement of the internal revenue laws." 26

2

U.S.C. § 7602(b). "The requirement that the summons not issue for a solely criminal investigation, LaSalle, 437 U.S. at 313-17, has been negated by the 1982 amendment to § 7602(b) which allows inquiry into 'any offense,' so long as the case has not been turned over to the Justice Department." United States v. G & G Advertising Co., 762 F.2d 632, 634 n.1 (8th Cir. 1985).

In this case, the government attached an affidavit of Marie Maple, a Revenue Officer at the IRS, who stated that [t]here is no 'Justice Department referral' as that term is described in 26 U.S.C. § 7602(d), in effect with respect to the taxpayer for the years under investigation." (Doc. No. 3-1 at 4). Therefore, the IRS may issue the summons to inquire into petitioner's criminal and civil offenses.

IV.    CONCLUSION

The Court finds no clear error in the remaining recommendations in the M&R and, therefore, adopts the recommendations of the magistrate judge as its own.[1]

**IT IS, THEREFORE, ORDERED** that:

1.    petitioner's motion to quash (Doc. No. 1) is **DENIED**;

2.    the government's motion to dismiss (Doc. No. 3) is **GRANTED**;

3.    the administrative summons dated September 11, 2008, is **ENFORCED** and Bank of America is compelled to comply with the terms of such administrative summons within 30 days of the Court's Order in this matter; and

3.    petitioner's case is **DISMISSED**.

---

[1] Bank of America was initially named as a respondent in this matter, but in light of the Court's Order, any and all claims against Bank of America are dismissed as moot.

The Clerk is directed to serve copies of this Order to the parties.

Signed: February 12, 2010

Robert J. Conrad, Jr.
Chief United States District Judge